UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-00941 CAS (VBKx) | Date | December 30, 2008 |
|---|---|---|---|
| Title | Securities & Exchange Commission v. Courtney D. Smith | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:   Attorneys Present for Defendant:

Not Present   Not Present

**Proceedings:**   **(In Chambers:) Motion to Withdraw as Counsel for Defendant Courtney D. Smith** (filed 12/15/2008)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of January 5, 2009 is hereby vacated, and the matter is hereby taken under submission.

On February 7, 2005, the Securities and Exchange Commission (the "SEC") filed the instant action against defendant Courtney D. Smith ("Smith"). The trial commenced on January 8, 2008. On January 22, 2008, the jury returned a verdict in favor of Smith on the SEC's first and third claims for relief. The jury was unable to reach a verdict on the SEC's second claim for relief. The Court declared a mistrial as to the second claim, and retrial as to that claim is currently scheduled for March 2009.

On December 15, 2008, Brown, White, & Newhouse LLP (BWN), counsel for Smith, filed the instant motion to withdraw as counsel. No opposition was filed.

BWN states that it has represented Smith since August 2007, pursuant to a retainer agreement which requires Smith to pay BWN's fees on a timely basis. Mot. at 3. BWN seeks to withdraw as counsel because Smith has defaulted in his obligation to pay legal fees. Mot. at 1. Specifically, BWN argues that Smith has made only modest payments on the outstanding balance of $250,000 in legal fees owed to BWN and that Smith has failed to deliver on a promise to have BWN paid by an alternative source. Mot. at 1. BWN states that Smith has expressed a willingness to represent himself pro se until he is able to secure other counsel. Mot. at 2.

Local Rule 83-2.9.2.1 allows an attorney to withdraw as counsel only upon leave

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-00941 CAS (VBKx) | Date | December 30, 2008 |
|---|---|---|---|
| Title | Securities & Exchange Commission v. Courtney D. Smith | | |

of court. If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]." L. R. 83-2.9.2.4. If withdrawal is allowed, the affected parties then "shall appear pro se or appoint another attorney by a written substitution of attorney." L.R. 83-2.9.2.3.

Because BWN has made a sufficient showing of good cause, the Court GRANTS BWN's motion to be relieved as counsel. Counsel is hereby ordered to provide Smith with notice of the Court's order in accordance with Local Rule 83-2.9.2.3. Counsel shall attach a copy of this order to the letter, and shall otherwise comply with all applicable rules of professional responsibility.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |